UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAHUL GORAWARA,<br>*Plaintiff*,<br><br>v.<br><br>JOHN CAPRIO and CAROLYN CAPRIO,<br>*Defendants*. | No. 3:19cv756 (MPS) |

**RULING ON MOTION TO DISMISS**

Rahul Gorawara, who is proceeding *pro se*, filed this action against his former landlords, John and Carolyn Caprio, alleging constitutional and Connecticut state law claims. See First Amended Compl, ECF No. 24. The Caprios move to dismiss counts 1, 4, 5, 8, and 10-13 under Fed. R. Civ. P. 12(b)(6). ECF No. 27. For the reasons that follow, the motion is granted and the claims are dismissed without prejudice.

**I.     FACTUAL ALLEGATIONS**

The following facts are drawn from Gorawara's first amended complaint and are accepted as true for the purpose of this motion.

Gorawara was a tenant in an apartment at 154 Mansfield Street, New Haven. ECF No. 24 at ¶ 11. The Caprios, who are Caucasian, own the building and were Gorawara's landlords. *Id.* at ¶¶ 9, 41. Gorawara is "not Caucasian" and the Caprios "understood the Plaintiff to be a racial and religious minority." *Id.* at ¶ 41; *see also id.* at ¶ 5 ("The Plaintiff is a United States citizen. He, however, was perceived to be of foreign national origin."). In October 2016, Gorawara alerted John Caprio that sewage was backing up in the bathroom sink. *Id.* at ¶ 12. The Caprios responded by rescinding their offer to renew Gorawara's lease and threatening to evict him. *Id.* at ¶ 13. Soon

after, Gorawara learned that John Caprio had encouraged other tenants to take Gorawara's personal property located in a storage area. *Id.* at ¶ 14.

The Caprios accepted rent payments made by mail and required their tenants to make their rent payments via check made payable to John Caprio. *Id.* at ¶¶ 15-16. On November 2, 2016, Gorawara mailed a check for his November rent payment to the usual address. *Id.* at ¶ 18. However, John Caprio did not deposit Gorawara's check. *Id.* at ¶ 20. Although the Caprios agreed to notify their tenants if they did not receive a rent check on time, they did not notify Gorawara that they had not received his rent check. *Id.* at ¶¶ 22-23. Instead, the Caprios hired a state marshal to serve a notice to quit on Gorawara on November 14, 2016. *Id.* at ¶ 23. John Caprio refused to withdraw the eviction action even if Gorawara placed a stop payment on the first check and reissued it. *Id.* at ¶ 24. In addition to trying to evict Gorawara, the Caprios "privately intimidated" him, causing him to fear that he might be the "target" of violence. *Id.* at ¶ 25. John Caprio filed numerous false charges with the New Haven police against Gorawara alleging, among other things, that he committed assault, changed the locks to the apartment, and stole furniture. *Id.* at ¶ 26. Although Gorawara was not arrested as a result, he feared that he could be arrested at any moment on false charges made by the Caprios. *Id.* at ¶ 27.

Before a hearing in the eviction action, John Caprio, at the insistence of Carolyn, and another man affixed a "big and heavy crucifix" to the wall at the entrance of Gorawara's apartment. *Id.* at ¶ 29; ECF No. 24 at 18 (photo). The Caprios perceived Gorawara to be a minority and "intended to humiliate him by mounting the crucifix." ECF No. 24 at ¶ 29. The crucifix was "sealed to the wall," making it impossible to remove. *Id.* at ¶ 30. Although Gorawara had filed a motion to dismiss the eviction action, he did not attend the hearing on his motion because he was worried that the mounting of the crucifix was a warning that the Caprios had keys to the apartment

2

and would retaliate if he attended the hearing, including "send[ing] one of their associates to hurt him." *Id.* at ¶¶ 31-32. Because Gorawara did not attend the hearing, the court denied his motion. *Id.* at ¶ 33. John Caprio, acting as an agent for Carolyn, proceeded to evict Gorawara based on a default judgment. *Id.* at ¶ 34. The Caprios used the eviction to level more false charges against Gorawara with the New Haven police. *Id.* at ¶ 35. Although the police could not substantiate the false charges, the Caprios successfully enlisted the police to demand that Gorawara not park anywhere on Mansfield Street, the street where the apartment was located. *Id.* at ¶ 36. The police officer acknowledged that Gorawara had a valid parking permit but demanded that he leave anyway because the officer did not want the Caprios to call him anymore. *Id.* Gorawara's race was a motivating factor in the Caprios' decision to subject Gorawara to disparate adverse treatment. *Id.* at ¶ 42. The Caprios did not install a crucifix at the entrance of their Caucasian tenants' apartments, make false charges with the police against them, initiate eviction actions without first providing notice of non-receipt of their rental payment, or maintain eviction actions against them for nonpayment of rent even after the tenants offered to immediately pay the rent in full. *Id.*

## II.   PROCEDURAL HISTORY

Gorawara initiated this action on May 17, 2019. ECF No. 1. The Caprios moved to dismiss the complaint in July 2019. ECF No. 16. I ordered Gorawara either to file a response to the motion or to "file an amended complaint in which he pleads as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in the defendant's . . . memorandum of law," noting that "[t]he Court will not allow further amendments after August 9, 2019." ECF No. 17. Gorawara requested, and I granted, two extensions of time until October 9, 2019 in which to file a response to the motion to dismiss or file an amended complaint. On October 9, 2019, Gorawara filed a first amended complaint, ECF No. 24, and the Caprios renewed their motion to dismiss on

November 14, 2019, ECF No. 27, incorporating their prior memorandum of law, ECF No. 16, and setting forth additional arguments. Gorawara filed an opposition brief, ECF No. 30.

## III. LEGAL STANDARD

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted)). The Court accepts the complaint's factual allegations as true, and "draw[s] all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "However, the tenet that a court must accept a complaint's allegations as true is inapplicable to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Gonzales v. Eagle Leasing Co.*, No. 3:13CV1565(JCH), 2014 WL 4794536, at *2 (D. Conn. Sept. 25, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## IV. DISCUSSION

### A. Counts 1 & 10: 42 U.S.C. §§ 1981 and 1982

In counts 1 and 10, Gorawara alleges that Carolyn Caprio discriminated against him based on his race in violation of 42 U.S.C. §§ 1981 and 1982. ECF No. 24 at ¶¶ 39-42, 80-82. Carolyn

Caprio argues that the claims should be dismissed because Gorawara has not alleged facts that would indicate racial animus. ECF No. 16 at 3, 16. I agree.

"Section 1981 establishes that all persons have equal right to make and enforce contracts, while § 1982 establishes that all persons have equal right to purchase, lease, sell, hold, and convey real and personal property." *Costello v. Town of Huntington*, No. 14CV2061, 2015 WL 1396448, at *12 (E.D.N.Y. Mar. 25, 2015). "Because of the related origins and language of the two sections, they are generally construed *in pari materia*." *Choudhury v. Polytechnic Inst. of New York*, 735 F.2d 38, 43 n.5 (2d Cir. 1984). To state a claim under either provision, a plaintiff must allege "(1) [he is a] member[] of a racial minority; (2) an intent to discriminate on the basis of [his] race by defendant[s]; and (3) the discrimination concerned one or more activities enumerated in §§ 1981 or 1982, e.g., making contracts or the purchase of personal property." *Costello*, 2015 WL 1396448, at *12. *See Perry v. State of New York*, No. 08 Civ. 4610, 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009) ("A plaintiff is required to set forth factual circumstances from which discriminatory motive can be inferred. . . . In the absence of such allegations, dismissal at the pleading stage is warranted."). "In order to show a discriminatory intent, the events of intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for [the] [defendant]'s actions, must be specifically pleaded in the complaint." *Griffin v. Santander Bank*, No. 12CV1249, 2014 WL 204229, at *5 (E.D.N.Y. Jan. 16, 2014) (internal quotation marks, alteration, and citation omitted).

Even liberally construing Gorawara's complaint and drawing all inferences in his favor, I find that the complaint fails to allege sufficient factual allegations to support an inference of race-based discrimination. As a threshold matter, Gorawara fails to even identify his race. *See Grasso v. EMA Design Automation, Inc.*, No. 11-CV-6549T, 2014 WL 4955303, at *7 (W.D.N.Y. Oct. 2,

5

2014) (finding that plaintiff failed to state a claim for racial discrimination under Section 1981 where she failed to identify her race), *aff'd,* 618 F. App'x 36 (2d Cir. 2015); *Morrison v. Borders Bookstore*, No. 6:11CV31, 2011 WL 485901, at *4 (M.D. Fla. Feb. 7, 2011) ("Plaintiff's failure to identify her race in the Complaint, by itself, precludes a finding that she stated a claim under Section 1982.")  Gorawara's allegation that part of the alleged conduct included affixing a crucifix to a wall outside his apartment, without more, does not raise an inference of racial discrimination. Although he alleges that the Caprios did not take steps to evict other tenants if their rent payment was late without notifying them or make false reports to the police, these allegations, without some specification of his race, fall short of supporting a plausible inference that the Caprios were motivated by discriminatory intent.

      **B.**      **Count 4:  42 U.S.C. § 1985**

In count 4, Gorawara alleges that the Caprios conspired to deter him from attending court on his motion to dismiss the eviction action in violation of 42 U.S.C. § 1985.  ECF No. 24 at ¶¶ 32, 54.

Gorawara does not specify under which provision of Section 1985 he asserts his claim, but only Section 1985(2) refers to court proceedings.  Section 1985(2) has two components.  In pertinent part, the first clause of § 1985(2) addresses conspiracies to obstruct justice or to intimidate witnesses or jurors or other parties in federal court proceedings:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . [the injured party may recover damages].

42 U.S.C. § 1985(2); *see Neustein v. Orbach,* 732 F. Supp. 333, 343 (E.D.N.Y. 1990) (holding that first half of Section 1985(2) imposes liability for interference with federal judicial proceedings).

This provision does not apply because there is no allegation regarding a proceeding in federal court.

The second clause, which addresses conspiracies with respect to judicial proceedings in a state court proceeding, provides:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws … [ the injured party may recover damages]

42 U.S.C. § 1985(2). *See Butler v. Hesch*, 286 F. Supp. 3d 337, 364 (N.D.N.Y. 2018) ("[S]ection 1985(2) contains two clauses prohibiting distinct conspiratorial conduct. The first clause prohibits interference with federal court proceedings, while the second clause prohibits interference with state court proceedings, with the intent to deny an individual equal protection of the laws."); *Marshall v. Webster Bank, N.A.*, No. 3:10CV908(JCH), 2011 WL 219693, at *8 (D. Conn. Jan. 21, 2011)("The second part of section 1985(2) provides a private cause of action against certain conspiracies to interfere with the administration of justice in state courts.")

Because the amended complaint refers to the state court eviction action, the second clause of § 1985(2) appears to be the provision Gorawara intends to invoke. A claim under that clause requires

> (1) a conspiracy (2) for the purpose of impeding, hindering, obstructing, or defeating, in any manner, (3) the due course of justice in any [state court], (4) with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

*Marshall*, 2011 WL 219693, at *9. In addition, "a claim under the second clause of Section 1985(2) requires 'a showing of class-based invidiously discriminatory animus' on the part of the

7

conspiring parties.'" *Langton v. Town of Chester Library Bd.*, No. 14CV9474, 2020 WL 2850898, at *4 (S.D.N.Y. June 1, 2020) (citations omitted).

The allegations in support of Gorawara's § 1985 claim are meagre. Gorawara claims only that he did not attend court on the day his motion was scheduled because he perceived the Caprios' act of displaying a crucifix on a wall at the entrance of his apartment as a "warning" and that he feared they would further retaliate if he attended the hearing. *Id.* at ¶¶ 29, 31-32. Without further context, the alleged conduct fails to raise an inference of racial animus or an inference of intent to injure him or his property for lawfully enforcing his right to the equal protection of the laws.

### C. Count 5: 42 U.S.C. § 1983

In count 5, Gorawara alleges that the Caprios "libeled [him] by falsely reporting to the New Haven Police that [he] was stealing . . . furniture from their apartment." ECF No. 24 at ¶ 57. According to Gorawara, the Caprios "yell[ed] at the [police] officers to arrest [him]" and their "yelling of falsehoods and derisive comments regarding [him] drew the attention of neighbors." *Id.* at ¶¶ 60, 62. Gorawara asserts that the Caprios' actions "damaged [his] reputation" and "affected his wellbeing." *Id.* at ¶¶ 60, 62-63. He further alleges that the Caprios "enliste[d] the police's authority to demand that the Plaintiff not park anywhere on Mansfield Street. The police officer acknowledged that the Plaintiff had a valid parking permit but demanded that he leave anyway because [the officer] did not want to be called anymore by the Defendants." *Id.* at ¶ 64.

The Caprios argue that this claim should be dismissed because they are not state actors. ECF No. 16 at 6. Gorawara counters that he has alleged state action because the Caprios enlisted the police's authority to demand that he not park on Mansfield Street, even though he had a valid parking permit. ECF No. 30 at 9. He argues that he has plausibly alleged that "the defendants

acted under color of law by willfully co-opting the State's police power in a manner that violated [his] constitutional rights." *Id.*

To establish a constitutional violation under § 1983, a plaintiff must show that: "(1) the defendants acted under color of state law; and (2) the defendants' actions resulted in a deprivation of plaintiff's constitutional rights*."* *Bhatia v. Yale Sch. of Med.,* 347 F. App'x 663, 664 (2d Cir. 2009). "Private parties are generally not amenable to suit under § 1983, because they are not state actors, although they may be liable . . . where they are 'jointly engaged with state officials' in a conspiracy to deprive the plaintiff of his constitutional rights . . . ." *Id.* at 664-65 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "[A] plaintiff must allege that the private entity and state actors carried out a deliberate, previously agreed upon plan, or that their activity constituted a conspiracy or meeting of the minds." *Johnson v. City of New York*, 669 F. Supp. 2d 444, 450–51 (S.D.N.Y. 2009) (internal quotations marks and citation omitted).

Gorawara wholly fails to allege any specific facts indicating that the police officer was in fact aware of or a participant in the Caprios' alleged scheme or from which the inference can be drawn that that Caprios and the officer had a plan or prearrangement to violate Gorawara's constitutional rights.[1]

In addition, insofar as Gorawara seeks to assert a libel claim under Section 1983, *see* ECF No. at ¶ 57, such a claim is not cognizable. "There is no federal cause of action for defamation, slander, or libel, because one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States." *Clark v. Doe*, No. 15CV9836, 2017 WL 5508456, at *3 (S.D.N.Y. Feb. 10, 2017). *See Paul v. Davis*, 424 U.S. 693, 711–13 (1976) ("stigma" to reputation, by itself, is not a liberty interest sufficient to invoke the Due Process Clause); *Valmonte*

---

[1] It also is not evident what specific constitutional injury Gorawara is alleging.

*v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) ("[D]efamation is simply not enough to support a cognizable liberty interest.").

### D. Count 8: Conn. Gen. Stat. § 52-571c

In count 8, Gorawara asserts a claim against Carolyn Caprio under Connecticut's hate crime statute, § 52-571c[2], alleging that her actions were motivated by "bigotry or bias predicated on the Plaintiff's actual or perceived race, religion, and ethnicity . . . ." ECF No. 24 at ¶ 75. Section § 52–571c provides for a civil cause of action based on a violation of General Statutes §§ 53a–181j[3], 53a–181k[4] or 53a–181l,[5] criminal statutes that prohibit intimidation based on bigotry or

---

[2] Conn. Gen. Stat. § 52-571c provides:
> Any person injured in person or property as a result of an act that constitutes a violation of section 53a-181j, 53a-181k or 53a-181l may bring a civil action against the person who committed such act to recover damages for such injury.

[3] Conn. Gen. Stat. § 53a-181j provides:
> Intimidation based on bigotry or bias in the first degree: Class C felony
> (a) A person is guilty of intimidation based on bigotry or bias in the first degree when such person maliciously, and with specific intent to intimidate or harass another person because of the actual or perceived race, religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person, causes physical injury to such other person or to a third person.

[4] Conn. Gen. Stat. § 53a-181k provides:
> Intimidation based on bigotry or bias in the second degree: Class D felony
> (a) A person is guilty of intimidation based on bigotry or bias in the second degree when such person maliciously, and with specific intent to intimidate or harass another person or group of persons because of the actual or perceived race, religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person or group of persons, does any of the following: (1) Causes physical contact with such other person or group of persons, (2) damages, destroys or defaces any real or personal property of such other person or group of persons, or (3) threatens, by word or act, to do an act described in subdivision (1) or (2) of this subsection, if there is reasonable cause to believe that an act described in subdivision (1) or (2) of this subsection will occur.

[5] Conn. Gen. Stat. § 53a-181l provides:
> Intimidation based on bigotry or bias in the third degree: Class E felony

bias.  Gorawara has failed to even identify his race, religion, and ethnicity, and has failed to plead facts sufficient to show specific intent to intimidate or harass him on the grounds of those (undefined) classes.  In addition, he has not pleaded that Carolyn Caprio caused physical injury to him or a third person, as required by § 53a–181j.  Nor has he alleged that Carolyn Caprio made physical contact with him or damaged or threatened to damage any real or personal property, as required by §§ 51–181k and 51–181l.[6]

E.   **Counts 11 - 13: Constitutional Challenges to Landlord-Tenant Statutes under Section 1983**

In counts 11, 12 and 13, Gorawara claims that the Caprios violated his constitutional right to equal protection and his rights under the Seventh Amendment by the operation of certain state court summary process statutes – Conn. Gen. Stat. §§  52-215, 47a-3a and 47a-26c –  in the eviction action.  These statutes, he contends, deny his right to a jury trial or "discriminate without a rational basis," and he asks the Court to declare them unconstitutional.  ECF No. 30 at 9; ECF No. 24, Prayer for Relief at 14.  These claims are dismissed because Gorawara lacks standing to assert them.

---

(a) A  person is guilty of intimidation based on bigotry or bias in the third degree when such person, with specific intent to intimidate or harass another person or group of persons because of the actual or perceived race, religion, ethnicity, disability, sex, sexual orientation or gender identity or expression of such other person or persons: (1) Damages, destroys or defaces any real or personal property, or (2) threatens, by word or act, to do an act described in subdivision (1) of this subsection or advocates or urges another person to do an act described in subdivision (1) of this subsection, if there is reasonable cause to believe that an act described in said subdivision will occur.

[6] Although the complaint alleges that John Caprio encouraged other tenants to take Gorawara's property from the storage area, ECF No. 24 at ¶ 15, count 8 is directed at Carolyn Caprio.

To establish Article III standing, a plaintiff must show (1) a personal "injury-in-fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical. . . . For an injury to be particularized, the injury must affect the plaintiff in a personal and individual way." *Gladstein v. Goldfield*, No. 3:18CV926(VAB), 2020 WL 4432927, at *8 (D. Conn. July 31, 2020) (internal quotation marks and citations omitted).

In count 11, Gorawara states that "since the defendants sought the summary process remedy in Housing Session," rather than superior court, he was deprived of his constitutional right to a jury trial by operation of Conn. Gen. Stat. § 52-215, which provides in relevant part: "[T]here shall be no right to trial by jury . . . in a summary process case." ECF No. 30 at 11. But Gorawara alleges that the Caprios "proceeded to evict [him] based on a default judgment," i.e., without any trial or other hearing on the merits. ECF No. 24 at ¶ 34. As such, the complaint does not allege an injury attributable to the absence of a jury trial.

In count 12, Gorawara alleges that the Caprios violated his constitutional rights by "invok[ing] § 47a-35a"[7] in the eviction action. ECF No. 24 at ¶ 101. He argues that the statute

---

[7] Conn. Gen. Stat. § 47a-35a provides in pertinent part:
   (a) When any appeal is taken by the defendant occupying a dwelling unit as defined in section 47a-1 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that may accrue during the pendency of such appeal, or, where no lease had existed, for the reasonable value for such use and occupancy that may so accrue; provided the court shall upon motion by the defendant and after hearing thereon order the defendant to deposit with the court payments for the reasonable fair rental value of the use and occupancy of the

violates equal protection because it requires residential tenants in summary process actions - but not commercial tenants - to post a bond. ECF No. 30 at 12. Gorawara alleges that the Caprios "invoked § 47a-35a by filing a motion for termination of stay of execution in an attempt to moot the Plaintiff's appeal of the default judgment entered against him." ECF No. 24 at ¶ 101. Gorawara fails to allege any facts about posting a bond and thus fails to explain how he was injured by the requirement.

In count 13, Gorawara alleges that the Caprios violated his constitutional rights as a result of the operation of § 47a-26c.[8] Under this statute, the pleading deadline in summary process actions is reduced to 3 days. Gorawara alleges that the Caprios "filed numerous motions for default for failure to plead against the Plaintiff" and that these motions "caused Plaintiff severe distress." ECF No. 24 at ¶ 107. These allegations fall short of showing that he "suffered an injury-in-fact — an invasion of a legally protected interest which is . . . concrete and particularized . . . ." *Lujan*, 504 U.S. at 560. Gorawara does not allege that he missed any pleading deadlines or that his legal rights were prejudiced in any way by the three-day pleading deadline, and litigation-induced stress

---

premises during the pendency of such appeal accruing from the date of such order. Such order shall permit the payment of such amount in monthly installments, as it becomes due, and compliance with such order shall be a substitute for any bond required by this section. If all or a portion of the defendant's rent is being paid to the plaintiff by a housing authority, municipality, state agency or similar entity, this requirement shall be satisfied if the defendant deposits with the court an amount equal to his portion of the rent.

[8] Conn. Gen. Stat. § 47a-26c provides:
All pleadings, including motions, shall advance at least one step within each successive period of three days from the preceding pleading or motion. If the defendant fails to plead within any such period, the complainant may file a motion for judgment for failure to plead, served upon the defendant in the manner provided in the rules adopted by the judges of the Superior Court for the service of pleadings. If the defendant fails to plead within three days after receipt of such motion by the clerk, the court shall forthwith enter judgment that the complainant recover possession or occupancy with costs.

13

– which Gorawara alleges in only conclusory fashion – is not an actionable harm. *See, e.g., Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001)("Generally speaking, litigation-induced emotional distress is never a compensable element of damages."); *Stoleson v. United States*, 708 F.3d 1217, 1223 (7th Cir. 1983)("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages …."); *Park-Ohio Indus., Inc. v. Tucker Induction Systems, Ltd.,* 1987 WL 1377908 *5 (E.D. Mich. Oct. 21, 1987)("Litigation induced stress is not a recognized cause of action").

## V.     CONCLUSION

For these reasons, counts 1, 4, 5, 8, and 10 – 13 are dismissed without prejudice.  In light of Gorawara's *pro se* status, he is granted leave to amend the claims should he choose to do so. Any amended complaint shall be filed within 21 days of this order.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.


Dated:      Hartford, Connecticut
            August 28, 2020