## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RAHUL GORAWARA,

     *Plaintiff*,

     v.

JOHN CAPRIO, individually and as Administrator of the Estate of Carolyn Caprio,

     *Defendants*.

No. 3:19cv756 (MPS)

## RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL

The Plaintiff, Rahul Gorawara, a licensed attorney proceeding pro se, brought this action against John and Carolyn Caprio, from whom he had rented an apartment.  After the Plaintiff was evicted for nonpayment of rent, he filed suit alleging racial discrimination in violation of 42 U.S.C. §§ 1981, 1982, and 1985(3), conspiracy to violate his right to equal protection in violation of 42 U.S.C. § 1983, violation of the Fair Housing Act, 42 U.S.C. § 3617, and state law claims of nuisance, breach of the covenant of good faith and fair dealing, slander, negligent infliction of emotional distress, violation of CUTPA, Conn. Gen. Stat. § 42-110a, and violation of Connecticut's anti-intimidation law, Conn. Gen. Stat. § 52-271c.  Defendant Carolyn Caprio died before trial, and her husband, John Caprio, was named administrator of her estate, after which the Plaintiff filed an amended complaint naming as defendants John Caprio individually and as Administrator of the Estate of Carolyn Caprio. ECF No. 129.  On September 14, 2022, the jury returned a verdict for the defendants on all counts except for two counts directed at Carolyn Caprio[1] - slander (count 5) and negligent infliction of emotional distress (count 7) - for which the jury

---

[1] As I did in my instructions to the jury, for ease of reference, I will refer to this defendant as Carolyn Caprio, rather than the Administrator of the Estate of Carolyn Caprio. ECF No. 157 at 16 (explaining to the jury that "in these instructions and in the verdict form, when discussing the plaintiff's claims against her, I will refer to Carolyn Caprio, rather than the actual defendant, the Administrator of the Estate of Carolyn Caprio.")

awarded no damages.  The Plaintiff has filed a motion for a new trial under Fed. R. Civ. P. 59(a) as to these counts on the grounds that the jury's failure to award damages is inconsistent with its findings that Carolyn Caprio was liable.[2]  ECF No. 160.  Because I am not convinced that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice, I deny the Plaintiff's motion.

## I.      Trial Proceedings

I assume familiarity with the background of this case and set forth only those portions of the proceedings pertinent to the Plaintiff's motion.

### A.      Jury Instructions

As to the two counts at issue, I instructed the jury in the liability section of the charge in pertinent part as follows[3]:

**Slander**

To establish a case of defamation (and thus to establish a case of slander), the plaintiff must prove the following:

1. the defendant published a defamatory statement to a third person;
2. the defamatory statement identified the plaintiff to a third person; and
3. the plaintiff's reputation suffered injury as a result of the statement.

**Negligent Infliction of Emotional Distress**

To establish a claim of negligent infliction of emotional distress, the plaintiff must prove three elements:

1) that Carolyn Caprio engaged in conduct that she should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury;
2) that the conduct caused emotional distress to the plaintiff; and
3) that the distress was of such a nature as might result in illness or bodily harm….

---

[2]  The defendants did not file a response to the motion.
[3]  These instructions reflect the instructions on the State of Connecticut's civil jury instruction website. https://www.jud.ct.gov/JI/Civil/default.html.

As to the second and third elements, you must determine whether the plaintiff actually experienced fear or distress, and if so, whether the fear or distress experienced by the plaintiff was reasonable in light of the conduct of Carolyn Caprio. If you find that it was reasonable for the plaintiff to experience distress in light of the conduct of Carolyn Caprio, then the plaintiff is entitled to prevail and you can go on to consider damages. Conversely, if any distress experienced by the plaintiff was unreasonable in light of Carolyn Caprio's conduct, then you cannot find in favor of the plaintiff on this count and you must return a verdict for Carolyn Caprio.

ECF No. 157 at 27, 30-31.

In a separate section of the charge, I instructed the jury as to damages in pertinent part as

follows:

[Y]ou are to reach the issue of damages only if you find by a preponderance of the credible evidence that the plaintiff has established one or more of his claims.

With respect to the damages claimed … you can award only such damages as are justified by the proof and the law.  The burden is on the plaintiff to satisfy you by a preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts of the defendants.  It is not the defendants' burden to disprove the claimed losses….

The law places the burden on Mr. Gorawara to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision and you are permitted to determine the amount of damages by estimation or approximation, as long as Mr. Gorawara provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. . . .

Injuries of any kind are to be fully and fairly compensated if they are proximately caused by a violation of the law.  You should award damages to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.

* * *

If you find that the plaintiff has proven his slander claim against Carolyn Caprio, there are more specific instructions regarding compensatory damages that you must bear in mind. I will provide them to you now.

In determining the amount of general damages to award for the injury to the plaintiff's reputation, you should consider what reputation the plaintiff had in the community when the statement was made and, the extent to which his reputation has been affected for the worse. You may also compensate the plaintiff for any

3

additional damage to his reputation that occurs as a result of the bringing of this
lawsuit.
        In addition to any general damages awarded for the injury to the plaintiffs
reputation, you may also award the plaintiff damages for economic loss. To recover
such damages, however, the plaintiff must prove that he suffered economic loss that
was proximately caused by the slander.

ECF No. 157 at 34-37.

The Plaintiff did not object to these instructions during the charge conference nor did he

request additional instructions as to these counts.  He did, however, specifically request that the

Court not instruct the jury as to nominal damages, and I did not make any reference to nominal

damages in the instructions or the verdict form.

    **B.**    **Verdict Form**

As to the slander claim, the jury completed the verdict form as follows:

**S. <u>Slander</u>**

    Has Mr. Gorawara proved by a preponderance of the evidence that Carolyn
    Caprio slandered Mr. Gorawara?

    Yes __X_____                No_____

*If you answered Yes, proceed to [the next] section.  If you answered "No," proceed
to Section U.*

**T. <u>Damages</u>**

    **Compensatory Damages**

    1.    What amount of general damages do you award for any injury to the
        plaintiff's reputation?

        $___0.00___

    2.    What amount of damages for economic loss do you find were
        proximately caused by the slander?

        $__0.00____

ECF No. 155 at 8-9.

4

As to the negligent inflction of emotional distress claim, the jury completed the verdict form as follows:

**W.  Negligent Inflction of Emotional Distress**

> Has Mr. Gorawara proved by a preponderance of the evidence that Carolyn Caprio is liable for negligent inflction of emotional distress?
>
> Yes __X_____                              No_____
>
> *If you answered Yes, proceed to [the next] section.  If you answered "No," proceed directly to Section Y.*

**X.  Damages**

> **Compensatory Damages**
>
> 1.    What amount of damages do you find will reasonably compensate the plaintiff for the injuries proximately caused by the defendant's conduct?
>
>       $___0.00____

ECF No. 155 at 10.

After the Court finished reading the jury's verdict, the jury was polled.  Neither side objected to the verdict and the Court discharged the jury.

**II.    Legal Standard**

Fed. R. Civ. P. 59(a)(1)(A) provides that the court "may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  "Such a motion ordinarily should be denied unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 324 (2d Cir. 2022) (internal quotation marks and citation omitted).  Rule 59(a) motions are "committed to the sound discretion of the district court ...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998).

### III.   Discussion

#### Waiver

I first must address the threshold issue of waiver.[4]  As noted, the Plaintiff did not object to the verdict before the Court discharged the jury.[5]  "It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury. The timely objection requirement is not merely a technicality—it serves to give the court and the opposing party the opportunity to correct an error in the conduct of the trial." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 46 (2d Cir. 2015) (internal quotation marks and citations omitted).  By raising his inconsistency argument for the first time in his post-trial motion papers filed one month after the jury was excused, *see* ECF Nos. 154 & 155 (verdict rendered on September 14, 2022) and ECF No. 160 (Plaintiff filed motion for new trial on October 13, 2022), the Plaintiff has waived his objection.  *Anderson Grp., LLC*, 805 F.3d at 47 (holding that defendant "waived its argument regarding the inconsistency of the jury verdict" and therefore "the district court should not have reached the merits of that argument").  *See, e.g., Belvin v. Electchester Mgmt., LLC*, 2023 WL 3645544, at *4 (E.D.N.Y. May 22, 2023) ("As Electchester failed to raise the purported inconsistency while the jury still could have fixed it, this argument has been waived and this ground for relief is unsuccessful."); *Tardif v. City of New York*, 2023 WL 2495897, at *6 (S.D.N.Y. Mar. 14, 2023) (finding defendant waived its objection that verdict was inconsistent where it failed to object before the Court discharged the jury).

#### Fundamental Error

"Some  courts  have  recognized  that  waiver  may  be  excused  if  a  verdict  constitutes

---

[4] The Plaintiff does not address this issue.

[5] I have reviewed an unofficial version of the trial transcript. Nothing in the record suggests that the Plaintiff was denied any opportunity to timely raise an inconsistency objection.

fundamental error." *Coan v. Dunne*, 2021 WL 3012678, at *5 (D. Conn. July 15, 2021) (internal

quotation marks, alterations, and citations omitted).  The fundamental error standard of review is

"stringent." *Shade v. Hous. Auth. of City of New Haven*, 251 F.3d 307, 313 (2d Cir. 2001).  An

error is fundamental under this standard only if it "is so serious and flagrant that it goes to the very

integrity of the trial." *Anderson Grp., LLC*, 805 F.3d at 49.  "The fundamental error standard …

requires [the court] to tolerate inconsistencies in a verdict caused by errors on a verdict form unless

they are particularly egregious." *Perez v. County of Rensselaer, New York*, 858 Fed. App'x 12, 15

(2d Cir. 2021)(internal quotation marks omitted).  "[I]n determining fundamental error, the Court

should strive to adopt a view of the case that makes the jury's answers to special interrogatories

consistent." *Id.* at 15-16 (internal quotation marks and citations omitted).

**Merits**

In support of his motion, the Plaintiff does not cite any evidence, make any arguments

about the sufficiency of the evidence, or assert any errors in the instructions or the verdict form.

Instead, the Plaintiff contends that under Connecticut law, the jury's finding of liability on these

counts without an award of damages is grounds for a new trial.  Specifically, he points to that part

of the negligent infliction of emotional distress instruction that states that the plaintiff must prove

"that the conduct caused emotional distress to the plaintiff" and that part of the slander instruction

that states that Plaintiff must prove that "the plaintiff's reputation suffered injury as a result of the

statement."  ECF No. 160 at 2.  According to the Plaintiff, because to find liability, the jury must

have found injury, the jury's failure to award "damages despite finding that the Plaintiff suffered

actual injury" is inconsistent and requires a new trial.  ECF No. 160 at 1.  In support, the Plaintiff

points to *Hall v. Bergman*, 296 Conn. 169 (2010), a case he characterizes as "directly on point."

ECF No. 160 at 3.

In *Hall*, the jury found in favor of the plaintiff as to liability on her claims of unjust enrichment and negligent and intentional infliction of emotional distress but awarded zero damages.   The trial court ordered an additur, which the plaintiff rejected, and the court subsequently set aside the verdict and ordered a new trial as to liability and damages.   The Appellate Court affirmed the trial court's ruling.   On appeal, the Supreme Court noted that the applicable standard of review when considering "the action of a trial court in granting or denying a motion to set aside a verdict is the abuse of discretion standard. In determining whether there has been an abuse of discretion, *every reasonable presumption should be given in favor of the correctness of the court's ruling*. Reversal is required only when an abuse of discretion is manifest or when injustice appears to have been done."   *Id.* at 179 (alterations omitted; emphasis added). In affirming the Appellate Court's ruling, the Court observed that under the trial court's instructions, the plaintiff had to prove injury in fact in order to prevail as to the three claims.   The Supreme Court stated that the jury verdict in favor of the plaintiff and the award of zero damages were "insolubly ambiguous" because "in such circumstances, it cannot be stated with certainty either that the jury found that the plaintiff had failed to prove any damages or that the jury was confused as to the correct interplay between damages and liability. The appropriate course of action when such an ambiguous verdict is [returned] is to order a new trial on all issues."   *Id.* at 183 (internal quotation marks and alteration omitted).

The *Hall* court relied on *Malmberg v. Lopez*, 208 Conn. 675 (1988), a case Plaintiff also cites.   *Malmberg* was a wrongful death case in which the jury found that the plaintiff's negligence was the proximate cause of the victim's death but awarded zero damages.   The plaintiff filed a motion to set aside the verdict, claiming that the award was contrary to the law and the evidence, and requesting a new trial on the issue of damages only.   The trial court denied the motion, and

the plaintiff appealed.  The Appellate Court remanded for a hearing on damages.  On appeal, the

Supreme Court held that the Appellate Court "should have recognized the inherent ambiguity in

the jury's verdict" and "erred in limiting the further proceedings on remand to the issue of damages

only," remanding the case for a new trial on both liability and damages.  *Id.* at 681.  The *Malmberg*

court stated that "neither the Appellate Court nor this court [was] in a position ... to ascertain from

the conflicting jury verdict how the members of the jury found on the underlying issue of liability."

*Id.* at 680.  In *Hall*, the Supreme Court stated that

> As in *Malmberg* ... we cannot conclude in the present case with any degree of
> certainty whether the jury was confused about the proper measure of damages or
> about the proper rules for determining liability or both.… As we explained in
> *Malmberg*, the jury's intent in finding the issues for the plaintiff, but awarding zero
> damages, is known only to the jurors, and this court's endorsement of one plausible
> explanation of the verdict over another would amount merely to speculation. Such
> ambiguity requires a rehearing in full, on both liability and damages.

*Hall*, 296 Conn. at 184.

The Plaintiff is correct that *Hall* and *Malmberg* held that in the circumstances of those

cases ambiguity in the verdict was grounds for a trial court to grant a new trial.  But there are

meaningful distinctions between those cases and this one.  First, *Hall* at least arose in a different

procedural context:  there, the question before the Connecticut Supreme Court, which was required

to indulge "every reasonable presumption … in favor of the [trial] court's ruling" granting a new

trial, was whether that ruling was a "manifest" "abuse of discretion" or whether an "injustice

appear[ed] to have been done."  *Hall,* 269 Conn. at 179.  That is, of course, not the question before

me; I am faced with a motion for a new trial in the first instance, a motion that "ordinarily should

be denied unless the trial court is convinced that the jury has reached a seriously erroneous result

or that the verdict is a miscarriage of justice."  *Sagan*, 50 F.4th at 324.  In addition, both *Hall* and

*Malmberg* suggested that the "inherent ambiguity in the jury's verdict" in those cases stemmed in

part from the presence of significant evidence to support a substantial damages award. *Hall*, 269 Conn. at 184 (describing that in *Malmberg*, "we concluded that, when 'liability is strongly contested *and the award of damages is clearly inadequate if liability were proven* … an appellate court cannot infer from the jury verdict alone whether the jury [was] confused about the proper measure of damages or whether [the jury was] confused about the proper rules for determining liability, or both .…" (quoting *Malmberg*; alterations made in *Hall;* emphasis added)). As shown below in my discussion of whether any error was "fundamental," this is not a case where an award of zero damages was "clearly inadequate if liability were proven."

More importantly, this is not a case where there is "inherent ambiguity in the jury's verdict" or where the jury's verdict, properly construed, is "conflicting" at all. *Malmberg,* 208 Conn. at 680-81. Here, what the Plaintiff points to as inconsistent answers in the jury's verdict form are easily reconcilable when I consider the jury instructions as a whole, as opposed to cherry picking snippets from the instructions as the Plaintiff does. *See* Court's Jury Instructions, ECF No. 157 at 5 ("B. Instructions to be Considered as a Whole …. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.")

The jury instructions were structured to ensure that the jury considered liability and damages in separate spheres. *See* ECF No. 157 at 15 ("Part II:  Plaintiff's Claims in this Case" (setting forth principles for determining liability as to each of Plaintiff's claims)); *id.* at 33 ("Part III: Damages…. If the plaintiff fails to prove the elements of his claims against a particular defendant, then the defendant ha prevailed on the issue of liability and you should not consider the issue of damages as to that defendant. Only of the plaintiff has proven, by a preponderance of the evidence, that one or both defendants are liable should you address the issue of damages.")  The

instructions made clear that the jury was to hold the Plaintiff to his burden of proof separately in each sphere. *See, e.g., id.* at 17-18 (reciting in liability section for Section 1981 and 1982 claims that "the plaintiff must prove" each of the elements) and at 34-35 (damages section: "With respect to the damages claimed … you can award only such damages as are justified by the proof and the law. The burden is on the plaintiff to satisfy you by a preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts of the defendants…. The law places the burden on [the plaintiff] to prove all facts that will enable you to arrive at the amount of damages with reasonable certainty.")

The excerpts from the instructions featured by the Plaintiff in his motion all come from the liability portion of the instructions and, in particular, from the discussion of the elements of the claims for negligent infliction of emotional distress and slander. See ECF No. 160 at 2 ("The Court explained that the second element [of negligent infliction of emotional distress] requires the Plaintiff to prove … 'that the conduct caused emotional distress to the plaintiff'" and "[t]he Court further instructed the jury that [a]s to the second and third elements, you must determine whether the plaintiff actually experienced fear or distress, and if so, whether the fear or distress experienced by the plaintiff was reasonable in light of the conduct of Carolyn Caprio.'" (quoting jury instructions, ECF No. 157 at 30-31)); *id.* ("Similarly, as to the Slander claim … [t]he Court explained that the third element requires the Plaintiff to prove by a preponderance of the evidence 'that the plaintiff's reputation suffered injury as a result of the statement.'" (quoting ECF No. 157 at 27)). So, according to the instructions, the jury's finding in the Plaintiff's favor on these elements of liability says nothing about whether it found, in the separate sphere of damages, that the plaintiff had borne his burden of proving the "extent and nature of the losses he suffered" and "all facts that will enable you to arrive at the amount of damages with reasonable certainty." ECF No. 157 at

34-35.  To the contrary, the jury's verdict unambiguously shows that it concluded he did not meet his burden of proof on damages, and the instructions expressly permitted that conclusion.  The jury instructions did not say, as to any claim in the case, that if the jurors found liability, they were required to award damages; indeed, the separation of liability and damages into separate spheres, with the plaintiff bearing the burden of proof in each sphere, told the jurors just the opposite.  Neither the plaintiff nor the defendants objected to these features of the instructions.

And these instructions reflected Connecticut law, which distinguishes between "injury," a necessary element of liability on the negligent infliction and slander claims, and "damages," the amount of compensation warranted.  *See Goodyear v. Discala*, 269 Conn. 507, 518 (2004) ("The concept of 'damages' … is distinct from the legal injury from which damages arise …. The word 'injury' denotes the illegal act; the term 'damages' means the sum recoverable as amends for the wrong.  The one is the legal wrong to be redressed, the other the scale or measure of recovery." (internal quotation marks, citations, and footnote omitted)).  The jury's finding in this case that the Plaintiff had suffered the requisite injury to prove liability on two claims did not require it also to find that he was owed any particular sum of damages.

The situation in this case – a finding that there was proof of "injury" but no proof of "damages" – is not unusual.  Indeed, it is common enough that it comes with its own tailor-made legal doctrine: nominal damages.  A typical instruction on nominal damages given by courts in the Second Circuit states as follows:

> If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

> You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.
>
> You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.
>
> Nominal damages may not be awarded for more than a token sum.

4 Sand, *Modern Federal Jury Instructions* (Civil), Instruction 77-6.  The Court's original draft of the jury instructions in this case included a similar instruction, but, at the Plaintiff's request, the Court omitted it from the final instructions given to the jury.

The Connecticut Supreme Court in *Malmberg* similarly recognized that an award of nominal damages means that the jury has determined that the plaintiff failed to prove any amount of actual damages to a reasonable certainty:  "A plaintiff's verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages."  208 Conn. at 681-682.  To be sure, the *Malmberg* Court also stated that "[a]n explicitly stated award of *zero* damages differs from an award of nominal damages."  But that can be true only if the jury is instructed on the concept of nominal damages so that it can draw a distinction between nominal damages and zero damages.  In this case, at the charge conference, the plaintiff expressly requested that I remove that instruction from the charge; and because the defendants did not object to this change, I removed any reference to nominal damages from both the instructions and the verdict form.  So, given the instructions (and also given the evidence, as discussed below), the most reasonable reading of the jury's verdict is that it found the plaintiff failed to carry his burden of proof on damages.

Finally, even if there was an inconsistency in the verdict in this case, it would not approach the level of a "fundamental error," i.e., an error "so serious and flagrant that it goes to the very integrity of the trial."  *Anderson Grp., LLC*, 805 F.3d at 491.  Unlike in *Malmberg*, a wrongful

death case where "the award of damages [was] clearly inadequate if liability were proven," *Malmberg*, 208 Conn. at 682 (internal quotation mark omitted), in this case the evidence of damages was weak and even the damages the plaintiff genuinely claimed were limited.  The plaintiff testified that the actions of John Caprio and Carolyn Caprio, most of which the jury apparently found not to violate any of the Plaintiff's rights, having found for the defendants on eleven of the thirteen counts, caused him "anxiety" because some of them occurred while he was in the middle of final exams at Yale Law School.  He also testified, with regard to Carolyn Caprio's "slander" and negligent infliction of emotional distress in particular, that her demanding that the police arrest him while the Caprios were in the process of evicting him made a bad situation worse. He also testified more generally that he was concerned about what would happen to him as a result of the eviction and how it might affect his ability to rent apartments in the future.  He said that the anxiety this created caused him to have trouble sleeping and to lose weight and that he now gets nervous around police officers, but he attributed these harms to his dispute with the defendants as a whole, rather than to the particular conduct of Carolyn Caprio forming the basis of the slander and negligent infliction claims, which principally involved asking the police to arrest him on the day of the eviction.  The Plaintiff also claimed before the jury that the dispute as a whole caused him to fall behind in his studies and led him to have to do an extra year to finish law school.

The Plaintiff offered no specific evidence of his reputation in the community other than his own general testimony that he was a very good student and had friends; he offered no evidence of how Carolyn Caprio's conduct, or even his dispute with the defendants as a whole, had harmed his reputation.  Nor did he offer any medical records, testimony from other witnesses who observed him during the relevant period, or any other evidence to sustain his statements about non-economic

damages.  He also testified that he ultimately graduated with a strong academic record and landed a job at a management consulting firm with a salary of $325,000.

In his closing argument, the Plaintiff claimed economic damages for a year of tuition at Yale Law School (approximately $67,000) and for his first year of compensation at the management consulting firm (approximately $325,000) and told the jurors he did not know what dollar amount they should award for noneconomic damages.  He also told the jurors that he would donate the amount of any punitive damages the jury awarded to charity.  He made no effort in his closing argument to allocate damages between the two defendants or to ascribe particular harms to particular actions by Carolyn Caprio; in fact, he barely mentioned Carolyn Caprio in his closing, focusing instead on the actions and statements of John Caprio.

So, apart from the fact that the jury could reasonably have chosen not to credit any of his testimony about damages, or could reasonably have determined that whatever damages he suffered were de minimis, the plaintiff offered no evidence or argument of any damages flowing specifically from the only two claims on which the jury found liability, which were based on isolated events that formed only a small part of the overall dispute concerning his apartment. Under the circumstances, the jury's determination that he was entitled to "$0.00" in damages on those two claims, even if somehow inconsistent with its finding of liability, is a far cry from an error "so serious and flagrant that it goes to the very integrity of the trial."  And because the evidence of damages in this case was weak, I could not find, even if I considered the verdict to be inconsistent, that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice.

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's motion for a new trial (ECF No. 160) is DENIED.

IT IS SO ORDERED.


Dated: September 19, 2023
        Hartford, Connecticut

                                            _____/s/_____
                                            Michael P. Shea, U.S.D.J.

16