UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAHUL GORAWARA,<br>    *Plaintiff*,<br>  v.<br>JOHN CAPRIO, individually and as Administrator of the Estate of Carolyn Caprio,<br>    *Defendants*. | No. 3:19cv756 (MPS) |

**RULING ON PENDING MOTIONS**

The plaintiff has filed a motion to alter judgment and a motion for reconsideration of the Court's ruling denying his motion for a new trial. The Court assumes familiarity with these motions, with the Court's ruling denying the motion for a new trial, and the record in this case. The Court also assumes familiarity with the legal standards applicable to these motions, which have been explained in earlier rulings in this case.

The plaintiff's motion to alter judgment (ECF No. 169) is DENIED. The corrected judgment (ECF No. 167) is accurate and its meaning is clear, and the plaintiff fails to explain how the judgment's use of "but" instead of "and" has prejudiced him.

The plaintiff's motion for reconsideration (ECF No. 168) of the Court's order denying the plaintiff's motion for new trial is also DENIED. The motion makes a new argument – not previously raised in the Plaintiff's motion for new trial (ECF No. 160) – that "Count V relates to a claim for slander per se" and "Connecticut law presumes damages in instances of slander per se"; this means, the plaintiff argues, that he was relieved of any burden to prove damages, which makes any finding by the jury that the plaintiff failed to carry his burden of proof on damages "fundamentally at odds" with the law, and the Court's instructions, regarding slander per se. ECF No. 168 at 3. This argument differs from the general claim advanced in the plaintiff's motion for

new trial that the liability/no damages verdict on slander was inconsistent with the Court's instructions that the jury had to find that the plaintiff's reputation suffered injury due to the Defendant's conduct.  (ECF No. 160 at 2.)   Introducing new arguments on a motion for reconsideration is improper and is, by itself, a sufficient basis to deny the motion.  *See Zhao Lu Xuan v. Mukasey*, 278 Fed. Appx. 45, 46 (2d Cir. May 19, 2008)(" To the extent that Xuan raised new arguments in his motion to reconsider, those arguments could, and should, have been raised in his appeal brief, and a motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." (internal quotation marks omitted)); *Koehler v. The Bank of Bermuda Ltd.*, 2005 WL 1119371 *1 (S.D.N.Y. May 10, 2005)("[A] motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*." (emphasis in original)).

     Even if I were to consider the plaintiff's argument on the merits, however, I would still deny the motion, because the argument is misguided.  First, it incorrectly presumes that the only slander theory on which the Court instructed the jury, and thus the only possible basis for the jury's liability finding, was slander per se.  In fact, the Court instructed the jury on slander in general and also on slander per se, ECF No. 157 at 26-28, and the plaintiff has not pointed to any evidence suggesting that the only possible interpretation of the jury's verdict is that it found in his favor on slander per se, as opposed to what the Court told the jury was "most cases [of slander]," in which "a plaintiff must prove actual injury to his reputation to recover in an action for slander."  *Id.* at 28.  The plaintiff made no objection at the charge conference to the Court's instructions regarding the slander claim, and did not request any instruction that the jury was required to award the plaintiff damages if it found liability on the slander claim.  Nor did the plaintiff request any jury interrogatories that might have revealed the theory on which the jury found liability on the slander

claim. Further, the plaintiff's trial testimony about statements made by Mrs. Caprio was not expressly limited to his claim that she told the police he was stealing furniture; he also told the jury that Mrs. Caprio spoke with the police at length and that, afterwards, the police officer instructed him to leave immediately in his car, and that Mrs. Caprio repeatedly urged the police loudly and publicly to arrest him (while pointing at the plaintiff) without consistently specifying the basis for such an arrest. He also testified that the Caprios had made other complaints to the police about him, and said that the officer told him he was "sick" of being called by the Caprios. In light of all this testimony, it is not clear that the jury's finding of liability on the slander claim against Mrs. Caprio necessarily rested on her alleged statement that the plaintiff was stealing furniture (a basis for slander per se), as opposed to some other statement she made about the plaintiff.

Second, even if the only possible interpretation of the jury's verdict was that it found slander per se, I would still deny the motion for reconsideration because the jury's assessment of zero damages on this claim would not amount to an error "so serious and flagrant that it goes the very integrity of the trial," or even a "seriously erroneous result" or a "miscarriage of justice." ECF No. 166 at 5-7, 15. As discussed in the ruling denying the motion for new trial, the plaintiff's evidence of damages was weak and included no specific evidence of the plaintiff's reputation in the community other than his general testimony that he was a good student and had friends. *Id.* at 14-15. It was thus no surprise – and certainly no injustice – that the jury assessed no damages on the slander or NIED claims. Indeed, as explained in the Court's ruling denying the motion for new trial, the jury's verdict as to the slander and NIED claims appears to have been the equivalent of a nominal damages award, even though the Court, at the plaintiff's request, did not expressly instruct the jury on nominal damages. See ECF No. 166 at 12-13. Under Connecticut law, a jury is

permitted to award nominal damages even on a slander per se claim. *Devito v. Schwarz*, 66 Conn. App. 228, 236 (2001)("Where defamation per se has been established, a plaintiff should receive at least nominal damages though not necessarily anything more."). So if the jury erred here, and the plaintiff has failed to show that it did, it was off by $1, the difference between nominal damages and the zero damages verdict returned on the slander claim. Such a minor glitch plainly would not amount to a "seriously erroneous result" or a "miscarriage of justice," let alone meet the higher standard of "fundamental error" that the plaintiff must satisfy due to his failure to make a timely objection to the jury's verdict. See ECF No. 166 at 6-7.

The plaintiff's final argument – that the Court erred by stating that he "offered no specific evidence of his reputation in the community other than his own general testimony that he was a very good student and had friends" – misses the mark as well. The plaintiff points out that he testified that he had not had prior interactions with the police "and never received so much as a speeding ticket." ECF No. 168 at 4. He argues that this testimony allowed the jury "to draw the reasonable inference … that the Plaintiff suffered damage to his sterling reputation …." *Id.* A clean record, however, does not a sterling reputation make, because a reputation is "the general opinion or judgment of the public about a person …." Am. Heritage Dictionary, 5th Ed. The plaintiff did not testify about any reputation he had for being a law-abiding citizen, nor did he offer any other witnesses to do so, and there was no evidence that anyone other than himself was aware that he had never previously been arrested. More to the point, he also did not testify that anyone at his school or among his friends learned about his interaction with the police in connection with his eviction by the Defendants or that his standing in those circles otherwise suffered as a result of his interaction with the police. In other words, he offered no evidence about any harm to his reputation. And even if the jury could have drawn the inference the plaintiff suggests, it was not

required to do so and it is not the only reasonable inference it could have drawn. In any event, this argument, even if accepted, would, like the plaintiff's other arguments, be a far cry from a basis for finding any error by the jury "fundamental," "seriously erroneous," or a "miscarriage of justice."

For the foregoing reasons, the Plaintiff's motions for reconsideration (ECF No. 168) and to alter judgment (ECF No. 169) are DENIED.

IT IS SO ORDERED.

                                                              /s/
                                  Michael P. Shea, U.S.D.J.

Dated: November 27, 2023
       Hartford, Connecticut